UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW TODD SANFORD, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF IDAHO, DEPARTMENT OF CORRECTION, and BOARD OF CORRECTION, <br><br> Defendants. | Case No. 1:22-cv-0056-DCN <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Matthew Todd Sanford was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff must file an amended complaint if he desires to proceed.

REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff's allegations in the Complaint are extremely vague. However, in his attached Idaho Notice of Claim form, he alleges that from October 2021 through January 2022, prison employees used excessive force on him causing the following injuries: "sliced open [] right arm, broken thumb, torn off left nipple," a shoulder injury, and a right knee

cap injury. Dkt. 3-1. Plaintiff asserts federal civil rights and state law tort claims based on the foregoing allegations.

2.  **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In short, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not enough to avoid dismissal for failure to state a claim upon which relief can be granted. *See id*.

Federal Rule of Civil Procedure 8 applies to all pleadings filed in the federal court.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 824, 834 (1994). The state of mind required for an excessive force claim is that the prison official applied force "maliciously and sadistically" so as to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *accord Whitley v. Albers*, 475 U.S. 312, 320–21(1986). Five factors set forth in *Hudson* are considered in determining whether force was excessive: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). The "core judicial inquiry" is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

3. Discussion

   A. *Improper Defendants*

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

*Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the state of Idaho or the Idaho Department or Board of Correction in federal court. Instead, Plaintiff can sue those prison officials responsible for the alleged civil rights violations. Plaintiff should be able to review his offender concern forms and grievances to determine which employees inflicted the harm of which he complains.

### B. *Lack of Factual Allegations*

Plaintiff's Complaint does not state who harmed him, where and when the harm occurred, why the harm occurred, who was present, what he did before and during the incident, or what the circumstances were surrounding the use of force. In simplified terms, for each defendant Plaintiff includes in his amended complaint and for each incident alleged, he must state the "who, what, when, where, why, and how" of each wrongful use of force. To aid Plaintiff in his pleading, the Court has provided a form complaint for Plaintiff to use. Pages 2 to 7 must be copied and completed for each defendant (person) who allegedly caused Plaintiff harm.

The proper defendants are those persons involved in the infliction of harm. For liability under § 1983, a defendant must have personally participated in the act that violates the Constitution. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

In certain instances, a plaintiff may sue a supervisory official. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or

directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Accordingly, "[t]here is no respondeat superior liability under §1983," meaning that a person cannot be sued in their personal capacity merely for being a supervisor. *Id*. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted).

4. **Discussion of State Law Claims**

Plaintiff also brings unspecified state law claims, and it appears that he filed a Notice of Claim to notify the state of his claims. Dkt. 3-1, p. 1. Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

The state law claim of civil battery consists of a nonconsensual intentional contact

with another person that is either unlawful, harmful, or offensive. *James v. City of Boise*, 376 P.3d 33, 51 (2016) (internal citation omitted). Plaintiff's allegations fit this definition, and, to the extent he can state facts that show he can meet the elements of federal claims, and show a causal connection between the harm and each defendant, he will be permitted to pursue his related state law claims.

### 5. Conclusion

Plaintiff may not proceed on his federal claims because they are too vague and are asserted against the wrong defendants. He will be provided with an opportunity to file an amended complaint to show that he has facts meeting the *Hudson* factors set forth above and to name proper defendants—those persons who actually caused his injuries.

### 6. Request for Appointment of Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff asserts that he is untrained in the law. Almost no prisoners have legal training or access to broad legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims; it is not necessary to provide legal argument or citations. This Order and any motions for summary judgment inform Plaintiff of the elements of the legal causes of action under which he seeks redress. Each element needs factual support—which is simply a description of what happened and why the defendants

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

should be held responsible for Plaintiff's injuries. The attached form should help Plaintiff organize and include the necessary facts to support his claims.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review the defendants' defenses and the parties' evidence concerning the facts of the case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis, if at all possible.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

2. Plaintiff must file an amended complaint within **45 days** after entry of this Order that

complies with the requirements set forth above.[1] Failure to file an amended complaint that complies with this Order will result in dismissal of this entire action.

DATED: August 23, 2022

David C. Nye
Chief U.S. District Court Judge

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.")